# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK L. RAMOS,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01334 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND |

Frank Ramos ("Plaintiff") seeks to proceed *pro se* and in forma pauperis with an action against Walmart and three of its employees (collectively, "Defendants"). (Doc. 1). Plaintiff asserts the defendants are liable for torts arising under state law. Because the Court lacks jurisdiction over his complaint, it recommends Plaintiff's motion to proceed in forma pauperis (Doc. 2) be **DENIED** and the complaint be **DISMISSED** without leave to amend.

## I.    MOTION TO PROCEED IN FORMA PAUPERIS

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). The Court may authorize the initiation of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed in forma pauperis is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's application to proceed be denied because, as discussed below, the Court lacks jurisdiction and Plaintiff's complaint fails to state a claim upon which relief may be granted by this Court. *See* 28 U.S.C.§ 1915(e)(2).

## II.   SCREENING REQUIREMENT

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.   PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The

purpose of the complaint is to give the defendant fair notice and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks, citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on December 1, 2012, he was carrying "a box of work boots. . . to trade for the proper size" at Walmart when he was "aggressively approached by two young, large white males" named Anderson and Matthews. (Doc. 1 at 3, emphasis omitted). According to Plaintiff, Anderson "started yelling" while Matthews "blocked [him] from going around Anderson" and then "struck [him with] a vicious blow in [the] head." *Id.* Plaintiff asserts neither Matthews nor Anderson "were wearing any uniforms, [b]adges, etc.," and Plaintiff believed they were "[h]ooligans" similar to those who had robbed him a month before. *Id.* at 4.

Plaintiff asserts that because he had been attacked previously, he was carrying a T-Ball bat for protection. (Doc. 1 at 4). He asserts he pulled the bat out after Mathews struck him, and "shooed the[]

toughguys away." *Id.* Plaintiff alleges he "merely swung the bat towards them," and he did "not want[] to injure anyone unless absolutely necessary." *Id.* After the encounter, Plaintiff did not enter the store and "fled the area." *Id.*

On December 22, 2012, Plaintiff was arrested by Officer Peterson of the Bakersfield Police Department. (Doc. 1 at 4). Plaintiff was charged with robbery in the second degree and assault with a bat. *Id.* He asserts that only when he was charged did he learn that Matthews and Anderson "are actually loss prevention officers" employed by Walmart. *Id.*

## V. DISCUSSION AND ANALYSIS

Based upon the allegations in his complaint, Plaintiff seeks to have the charges, monetary damages for false incarceration, and defendants Matthews and Anderson "prosecuted for assault [and] battery." (Doc. 1 at 3-4). Though Plaintiff purports to bring the complaint pursuant to 42 U.S.C. § 1983, he does not allege any *constitutional* rights were violated and no federal claims are identified. Significantly, false imprisonment, assault, and battery are all torts arising under California state law. *See Robinson v. Solano County*, 278 F.3d 1007, 1016 (9th Cir. 2002) (explaining the plaintiff's "state law claims . . . [included] false arrest, false imprisonment, assault and battery"); *Blaxland v. Commonwealth Director of Public Prosecutions*, 323 F.3d 1198, 1205 (9th Cir. 2003) (identifying false imprisonment a state law tort claim"); *Rangel v. Tilton*, 2012 U.S. Dist. LEXIS 163644, at *1 (E.D. Cal. Nov. 15, 2012 ) (identifying assault and battery as claims arising "under state law").

Importantly, "[a]lthough the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law." *Crim v. Mgmt. & Training Corp.*, 2013 U.S. Dist. LEXIS 53648, at * 23 (E.D. Cal. Apr. 15, 2013) (citing 28 U.S.C. § 1367). Thus, "a federal question must appear on the face of the complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). Because Plaintiff raises causes of action arising under only state law, the Court lacks jurisdiction. When the Court finds, as here, it lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3). Likewise, based upon the facts as alleged, the Court cannot find that there is any possibility, let alone probability, that Plaintiff could state a federal cause of action.

///

## VI. FINDINGS AND RECOMMENDATIONS

As discussed, the Court lacks jurisdiction over the action. Based upon the relief requested by Plaintiff, it does not appear this deficiency can be cured and he should not be given leave to amend the complaint. *See Lopez*, 203 F.3d at 1130 (requiring leave to be granted to the extent deficiencies can be cured by amendment). Consequently, the action must be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**; and

2. Plaintiff's complaint be **DISMISSED** without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 26, 2013**            **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE